## E. E. KUETHE v. C. M. BUCK.[1]

### June 17, 1910.

### Nos. 16,653—(138).

**Mechanic's lien — evidence.**

> The evidence presented in the record examined, and *held* sufficient to sustain the findings of the trial court.

Action in the district court for Wright county to establish and foreclose a mechanic's lien for $50.60 for labor and material claimed to have been furnished at defendant's request for a certain building. The case was tried before Giddings, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Woolley & Johnson,* for appellant.

*F. E. Latham* and *Henry Spindler,* for respondent.

[1]Reported in 126 N. W. 826.

Brown, J.

Action to foreclose a mechanic's lien, in which judgment was ordered for plaintiff, and defendant appealed from an order denying a new trial. The only question presented is whether the findings of the court, to the effect that plaintiff furnished material and labor in and about the reconstruction and repair of a building owned by defendant, at the instance and request of an agent of defendant, to the value of $50.60, are sustained by the evidence. We have examined the record fully, and discover therein evidence reasonably tending to support the findings of the trial court.

While neither defendant nor his superintendent in charge of the work ordered the particular material, iron grating for basement windows, the evidence tends to show it was ordered placed in the building under directions of a foreman left in charge of the work during the superintendent's absence, and pursuant to the express authority of the latter delivered over the long-distance telephone. This authority, if given, was sufficient; for no question is raised as to the authority of the superintendent in the premises. He had full power in the matter of buying materials and the employment of workmen, and his act in directing the foreman to buy and place in the building the material in question was binding upon the defendant. There is a dispute in the evidence on this feature of the case, but it was for the trial court to accept or reject the testimony of the foreman. He testified that the superintendent directed him to purchase the material and employ a blacksmith to place it in the building.

The evidence, therefore, tends to support the findings of the trial court, and the order denying a new trial must be affirmed. It is so ordered.